STATE OF RHODE ISLAND
PROVIDENCE SC.

SUPERIOR COURT

INDEPENDENT FINANCIAL SERVICES, INC.,
Plaintiffs,

v.

PNC BANK, N.A., f/k/a PNC BANK, F.S.B.,
Defendant.

[redacted] 05 275 ML

C.A. NO. PC

# COMPLAINT

## Parties

1. Plaintiff Independent Financial Services, Inc. ("IFS") is a Connecticut corporation with its principal place of business in Westerly, Rhode Island.

2. PNC Bank, N.A. f/k/a PNC Bank, F.S.B. ("PNC") is a federal savings bank with its principal place of business in Pittsburgh, Pennsylvania.

3. This Court has jurisdiction over the within matter in that the amount in controversy exceeds the jurisdictional minimum of this Court.

## Background Facts

4. IFS is engaged in the business of providing independent insurance agencies with access to financial services that the agencies can sell directly to their customers. At all relevant times, IFS has had loan program agreements with more than 400 insurance agencies throughout the United States. IFS also has had agreements with other business entities that provide IFS financial services to their member insurance agencies.

5. During the mid-to-late 1990's, IFS devised a simple and comprehensive loan origination program that would allow insurance agencies to offer their customers on a competitive basis a wide variety of financial products and services. Consumer and commercial loans were the principal financial products offered by IFS. IFS called its loan origination program the *Independent Advantage*® program and launched this loan origination program in 1998. The *Independent Advantage*® program allowed IFS member insurance agencies to secure fast loan decisions and competitive loan rates without substantially increasing business overhead.

6. IFS invested seven years in market research, technological innovation, systems development, and test marketing in order to create the loan products and services that it offered as the *Independent Advantage*® program that enabled insurance agencies to effectively compete in the marketplace with banks and other financial institutions.

7. IFS and an IFS subsidiary, IFS Mortgage Services LLC, Inc. ("IFSMS") signed a Financial Services Agreement dated February 27, 1998 (the "Agreement") with PNC. The initial term of the Agreement was 10 years and PNC agreed to make various kinds of loan products and services available to IFS member agencies.

8. IFS invested in excess of $750,000 after the Agreement was executed in order to make the *Independent Advantage*® program successful.

9. Although PNC initially was enthusiastic about the *Independent Advantage*® program, PNC's enthusiasm waned as the bank ran into regulatory and financial problems unrelated to the *Independent Advantage*® program.

10. PNC failed to deliver to IFS and its member agencies the loan products and services PNC promised.

11. PNC failed to approve loans that satisfied applicable loan standards. These unjustified decisions to reject loans undermined the agencies' faith in the *Independent Advantage*® program and their interest in making the program available to their customers, in addition to harming IFS and the agencies financially and making it more difficult for IFS to satisfy its obligations under the Agreement.

12. PNC made unreasonable demands on agencies for additional financial information with respect to borrowers, actions that made the *Independent Advantage*® program less beneficial and less competitive for IFS's member agencies.

13. PNC made extraordinary demands on IFS and exercised a great deal of control over IFS's activities during the period that the Agreement was in effect. PNC also demanded that member agencies use specific expensive equipment, added requirements that reduced loan volume, and prevented agencies from using links in their websites to the *Independent Advantage*® program.

14. Although PNC was required to maintain IFS and agency information in confidence, and was required to use the *Independent Advantage*® program products exclusively for IFS and its member agencies, PNC improperly used the confidential information and sold these products outside the IFS program. Upon information and belief, PNC misappropriated proprietary products and technology of IFS for use outside the *Independent Advantage*® program.

15. In violation of the terms of the Agreement, PNC failed to use its best efforts to offer subprime loans to IFS's member agencies.

16. PNC failed to provide the technological support, products, and resources it promised to provide. This failure to support the *Independent Advantage*® program

resulted in frequent system failures, terrible record-keeping, and personnel changes at PNC's end that interfered with the success of the program.

17. On March 2, 2001, PNC sent a notice terminating the Agreement effective April 30, 2001 because of the alleged failure of IFS to have at least 400 loans or lines of credit on PNC's books on any business day within the first 36 months of the Agreement. IFS does not believe there was a shortfall in the number of loans but, to the extent there was, any shortfall occurred because PNC acted in bad faith by failing to offer loans to agency borrowers who satisfied PNC loan criteria.

**Count I**
**(Breach of Contract)**

18. IFS incorporates by reference the allegations contained in paragraphs 1 through 17 of the Complaint.

19. PNC's actions constitute a breach of the Agreement.

**Count II**
**(Breach of Covenant of Good Faith and Fair Dealing)**

20. IFS incorporates by reference the allegations contained in paragraphs 1 through 19 of the Complaint.

21. PNC's actions constitute a breach of the covenant of good faith and fair dealing.

**Count III**
**(Breach of Fiduciary Duty)**

22. IFS incorporates by reference the allegations contained in paragraphs 1 through 21 of the Complaint.

23. PNC had fiduciary duties to IFS under the Agreement, and PNC's actions constitute a breach of these fiduciary obligations.

**Count IV**
**(Misappropriation and Breach of Confidentiality Obligations)**

24. IFS incorporates by reference the allegations contained in paragraphs 1 through 23 of the Complaint.

25. PNC misappropriated proprietary products and technology, and wrongfully used confidential information that it received in connection with the *Independent Advantage®* program.

WHEREFORE, IFS demands the following relief against PNC:

A. Compensatory damages in an amount to be proved at trial, an amount that IFS believes to be in excess of $10 million;

B. Punitive damages;

C. Reasonable attorneys' fees and costs; and

D. Such other and further relief as this Court deems appropriate.

Jeffrey C. Schreck (#2428)
One Providence Washington Plaza
Fifth Floor
Providence, RI 02903
TEL (401) 421-9600
FAX (401) 331-9267
Attorney for Plaintiff

PLAINTIFF CLAIMS A TRIAL BY JURY ON ALL CLAIMS SO TRIABLE.

**Edwards & Angell LLP**
**Attorneys at Law**

## MEMORANDUM

**To:** VDJ
**From:** Libby McGill
**Subject:** INDEPENDENT FINANCIAL SERVICES INC. EM

**Date:** 06/07/2005
**Report ID:** 55289

A conflict check has been performed for the parties listed below and the following prior involvement identified.

| PARTY SEARCHED | PRIOR INVOLVEMENT | |
|---|---|---|
| | YES | NO |
| INDEPENDENTFIN* | | X |
| INDEPENDENT FINANCIAL SERVI | X | |
| RICHARD HARRIOTT | | X |

If a party has prior involvement, the attached pages will indicate the Firm's client/matter, area of law, date opened, date closed, billing & responsible attorneys, status and show the relationship of the party searched to each client/matter.

CLIENT AND CLIENT AFFILIATES

| CLT# | CLT NAME | CRA | DATE | STATUS | WAIVER | |
|---|---|---|---|---|---|---|
| PARTY NAME | | RELATIONSHIP | POSITION | | | |
| MTR# | MTR NAME | NMOA<br>MSA<br>PBA | DATE:<br>OPENED<br>CLOSED | STATUS | ETHICAL WALLS | LAST WIP |
| SERVICES | | | | | | LAST BILL |

**NAME SEARCHED : INDEPENDENT FINANCIAL SERVICES INC.**

| | | | | | | |
|---|---|---|---|---|---|---|
| 35802 | Independent Financial Services | Lourie, Jonathan M. | | Matter In Collection | | |
| **Independent Financial Services** | | | CLIENT | | | |
| 0001 | Smyly Autos | Lourie, Jonathan M.<br>Lourie, Jonathan M.<br>Lambert, Kimberly M. | 06/25/1996 | CLOSED | N | 08/30/1996<br>09/17/1998 |
| Services : | | | | | | |
| 0002 | Miscellaneous | Lourie, Jonathan M.<br>Lourie, Jonathan M.<br>Lambert, Kimberly M. | 09/18/1996 | IN COLLECTION | N | 01/24/1997<br>04/17/1997 |
| Services : | | | | | | |
| 40968 | Jabawwat, Inc. | INSCOR | | ACTIVE | | |
| **Independant Financial Planners Corp.** | | Friendly | CLIENT AFFILIATE | | | |
| 0001 | Merger | Levin, Alan J.<br>Levin, Alan J.<br>Levin, Alan J. | 12/18/1997 | Inactive | N | 07/14/1999<br>12/22/1999 |
| Services : | Affiliated merger of non-insurance subsidiaries | | | | | |

**MATTER NAME AND MATTER RELATED PARTY MATCHES**

| CLT# / MTR # | CLT NAME / MTR NAME | CRA / NMOA / MSA / PBA | DATE OPENED / DATE CLOSED | STATUS / STATUS | WAIVER / ETHICAL WALLS | LAST WIP / LAST BILL |
|---|---|---|---|---|---|---|
| SERVICES | | | | | | |
| PARTY NAME | | RELATIONSHIP | POSITION | | | |

**NAME SEARCHED : INDEPENDENT FINANCIAL SERVICES INC.**

| | | | | | | |
|---|---|---|---|---|---|---|
| 48533 | Wachovia Corporation | Sherman, Deming E. | 03/09/2004 | ACTIVE | | |
| 0004 | Independent Financial Services, Inc./WB2004001049 | Freel, Mark W.<br>Freel, Mark W.<br>Freel, Mark W. | | ACTIVE | N | 08/12/2004<br>08/17/2004 |

SERVICES : Defend client in breach of contract litigation and demand to compel arbitration

| | | |
|---|---|---|
| Independent Financial Services, Inc. | Plaintiff | ADVERSE |

| | | | | | | |
|---|---|---|---|---|---|---|
| 51744 | CCI Group, Inc. | Freel, Mark W. | 09/16/2004 | ACTIVE | | |
| 0001 | Independent Financial Services, Inc. | Freel, Mark W.<br>Freel, Mark W.<br>Freel, Mark W. | | ACTIVE | N | 06/06/2005<br>05/05/2005 |

SERVICES : Represent client in contract litigation in Federal Court in Providence.

| | | |
|---|---|---|
| Independent Financial Services,Inc. | Plaintiff in litigation | ADVERSE |

# State of Rhode Island and Providence Plantations
## SUPERIOR COURT

[x] PROVIDENCE/BRISTOL [ ] KENT [ ] WASHINGTON [ ] NEWPORT

CIVIL ACTION, FILE No. 05-2157

Independent Financial Services, Inc., Plaintiff

PNC Bank, N.A., f/k/a PNC Bank, F.S.B., Defendant

**Summons**

JUN 3 2005

*To the above-named Defendant:* PNC Bank, N.A., f/k/a PNC Bank, F.S.B.

The above-named Plaintiff has brought an action against you in said Superior Court in the county indicated above. You are hereby summoned and required to serve upon Jeffrey Schreck, Esq. Plaintiff's attorney, whose address is One Providence Washington Plaza, 5th Floor, Providence, RI 02903 an answer to the complaint which is herewith served upon you within 20 days after service of this summons upon you, exclusive of the day of service.

If you fail to do so, judgement by default will be taken against you for the relief demanded in the complaint. Your answer must also be filed with the court.

As provided in Rule 13(a) unless the relief demanded in the complaint is for damage arising out of your ownership, maintenance, operation or control of a motor vehicle, or unless otherwise provided in Rule 13(a), your answer must state as a counterclaim any related claim which you may have against the Plaintiff, or you will thereafter be barred from making such claim in any other action.

Charles H. Hollis
CLERK

Dated: May 31, 2005

(Seal of the Superior Court)

# State of Rhode Island and Providence Plantations

.............................................SC

## PROOF OF SERVICE

I hereby certify that on the ................................ day of ........................................., I served a copy of this summons and a copy of the complaint received therewith upon ...........................................................................................................

...........................................................................................................................................

in the following manner:

By delivering a copy of the summons and complaint to him/her personally.

By leaving a copy of the summons and complaint at his/her dwelling house, .............................................

.................................................................................. (Address), with a person of suitable age and discretion then residing therein.

By leaving a copy of the summons and complaint at his/her usual place of abode, ...................................

.................................................................................., with a person of suitable age and discretion then residing therein.

By delivering a copy of the summons and complaint to an agent authorized by appointment or by law to receive service of process, namely ...........................................................................................

such agent being one designated by statute to receive service, further notice as the statute requires was given as follows: .........................................................................................................................

...........................................................................................................................................

...........................................................................................................................................

Sheriff's Fees

Travel ........................ $..........................

Service ........................ $..........................

$..........................

..........................................

Deputy Sheriff

CIVIL ACTION

FILE NO. 05-2157............

SUMMONS

SUPERIOR COURT

Independent Financial Services, Inc

VS

PNC Bank, N.A. f/k/a PNC Bank, F.S.

Jeffrey C. Schreck

ATTORNEY FOR PLAINTIFF

NOTE: Returnable to Plaintiff's Attorney forthwith after service. Proof of service to be filed within time during which the person served must respond.

# State of Rhode Island and Providence Plantations

## SUPERIOR COURT

[x] PROVIDENCE/BRISTOL [ ] KENT [ ] WASHINGTON [ ] NEWPORT

CIVIL ACTION, FILE No. 05-2157

Independent Financial Services, Inc., Plaintiff

PNC Bank, N.A., f/k/a PNC Bank, F.S.B., Defendant

## Summons

JUN

*To the above-named Defendant:* PNC Bank, N.A., f/k/a PNC Bank, F.S.B.

The above-named Plaintiff has brought an action against you in said Superior Court in the county indicated above. You are hereby summoned and required to serve upon Jeffrey Schreck, Esq. Plaintiff's attorney, whose address is One Providence Washington Plaza, 5th Floor, Providence, RI 02903 an answer to the complaint which is herewith served upon you within 20 days after service of this summons upon you, exclusive of the day of service.

If you fail to do so, judgement by default will be taken against you for the relief demanded in the complaint. Your answer must also be filed with the court.

As provided in Rule 13(a) unless the relief demanded in the complaint is for damage arising out of your ownership, maintenance, operation or control of a motor vehicle, or unless otherwise provided in Rule 13(a), your answer must state as a counterclaim any related claim which you may have against the Plaintiff, or you will thereafter be barred from making such claim in any other action.

Charles H. Hollis

CLERK

Dated: May 31, 2005

(Seal of the Superior Court)

S- 135 (REV. 10/00)

# State of Rhode Island and Providence Plantations

............................................., SC

## PROOF OF SERVICE

I hereby certify that on the .............................. day of .............................. I served a copy of this summons and a copy of the complaint received therewith upon ..............................

..............................

in the following manner:

By delivering a copy of the summons and complaint to him/her personally.

By leaving a copy of the summons and complaint at his/her dwelling house..............................
.............................. (Address) with a person of suitable age and discretion then residing therein.

By leaving a copy of the summons and complaint at his/her usual place of abode, ..............................
.............................. with a person of suitable age and discretion then residing therein.

By delivering a copy of the summons and complaint to an agent authorized by appointment or by law to receive service of process, namely ..............................

such agent being one designated by statute to receive service, further notice as the statute requires was given as follows:

..............................

..............................

..............................

Sheriff's Fees

Travel .............................. $..............................

Service .............................. $..............................

$..............................

.............................. Deputy Sheriff

CIVIL ACTION

FILE NO. 05-2157

SUMMONS

SUPERIOR COURT

Independent Financial Services, Inc

VS

PNC Bank, N.A. f/k/a PNC Bank, F.S.:

Jeffrey C. Schreck
ATTORNEY FOR PLAINTIFF

NOTE: Returnable to Plaintiff's Attorney forthwith after service. Proof of service to be filed within time during which the person served must respond.