UNITED STATES DISTRICT COURT
DISTRICT OF RHODE ISLAND

| | | |
|---|---|---|
| INDEPENDENT FINANCIAL SERVICES, INC., Plaintiff, | : | |
| v. | : | C.A. No. 05-275-ML |
| PNC BANK, N.A., f/k/a PNC BANK, F.S.B., Defendant. | : | |

**DEFENDANT'S MOTION TO AMEND ANSWER**

Defendant PNC Bank, N.A., f/k/a PNC Bank, F.S.B. ("PNC") hereby moves to amend its Answer in the form annexed hereto as Exhibit A, in accordance with Rule 15 of the Federal Rules of Civil Procedure. In support of this motion, PNC submits the accompanying memorandum of law.

PNC BANK, N.A.

By its Attorneys,

Mark W. Freel (#4003)
Raymond M. Ripple (#6489)
EDWARDS ANGELL PALMER
& DODGE LLP
2800 Financial Plaza
Providence, RI 02903
(401) 274-9200
(401) 276-6611 (Fax)

## CERTIFICATE OF SERVICE

I hereby certify that on the 10th day of February 2006, I caused a true copy of the within Motion to Amend to be delivered by regular mail, postage prepaid, to:

Jeffrey C. Schreck, Esq.
One Providence Washington Plaza, Fifth Floor
Providence, RI 02903



PRV_785702_1/RRIPPLE

UNITED STATES DISTRICT COURT
DISTRICT OF RHODE ISLAND

| | | |
|---|---|---|
| INDEPENDENT FINANCIAL SERVICES, INC., | : | |
| Plaintiff, | : | |
| v. | : | C.A. No. 05-275-ML |
| PNC BANK, N.A., f/k/a PNC BANK, F.S.B., | : | |
| Defendant. | : | |

**DEFENDANT'S MEMORANDUM OF LAW IN SUPPORT OF ITS MOTION TO AMEND ITS ANSWER**

Defendant PNC Bank, N.A., f/k/a PNC Bank, F.S.B. ("PNC") submits this Memorandum of Law in Support of its Motion to Amend its Answer to the Complaint of Independent Financial Services, Inc. ("IFS"). On April 28, 2005, IFS initiated this action by filing its Complaint in Providence County Superior Court.[1] On July 13, 2005, PNC filed and served its Answer. Following a more detailed review of the facts and circumstances relating to the underlying dispute between the parties, PNC now seeks leave to amend its Answer in order to add a Sixth Affirmative Defense based upon the applicable statute of limitations.

**Discussion**

Under Rule 15(a) of the Federal Rules of Civil Procedure, leave to amend "shall be freely given when justice so requires." Fed. R. Civ. P. 15(a); see also Foman v. Davis, 371 U.S. 178, 182 (1962); Mirpuri v. ACT Mfg., Inc., 212 F.3d 624, 627 (1st Cir. 2000); Ferreira v. City of Pawtucket, 365 F. Supp. 2d 215, 216 (D.R.I. 2004). "This phrase is usually interpreted as an affirmation of the liberal approach to pleading taken by the modern rules . . . and as an encouragement to district judges to decide a plaintiff's claims on the merits whenever possible."

[1] Upon service of the Complaint, PNC timely removed the litigation to this Court on June 21, 2005.

McMillan v. Massachusetts Soc'y for the Prevention of Cruelty to Animals, 168 F.R.D. 94, 97 (D. Mass. 1995). The decision to grant leave to amend rests within the sound discretion of the trial court. Zenith Radio Corp. v. Hazeltine Research Inc., 40 U.S. 231, 330 (1970).

As this Court has recognized, "a motion to amend should be granted unless it is 'apparent' that it would reward undue delay, bad faith, or dilatory motive on the part of the movant." Ferreira, 365 F. Supp. 2d at 216 (citing Tiernan v. Blyth, Eastman, Dillon & Co., 719 F.2d 1, 4 (1st Cir. 1983)). Therefore, the Court's inquiry should focus on whether or not any of the above factors are present, and, if so, whether they are significant enough for justice to require that leave to amend should be denied.

In this case, PNC submits that none of the requisite factors to support a denial of leave to amend are present. There is absolutely no evidence of bad faith or dilatory motive. Upon a more thorough review of the pleadings, and of the facts and newly produced documents relating to the underlying dispute, PNC has concluded that it has a viable defense based on the statute of limitations. IFS is not prejudiced by PNC's minimal delay in asserting the additional affirmative defense. This case is still in the early stages of discovery and the passage of a few months at this early stage has not deprived IFS of the opportunity to present facts or evidence to rebut this defense. See Jackson v. Commissioner NJSP, No. Civ. 00-4875, 2005 WL 3542465, at *11 (D.N.J. Dec. 27, 2005) (noting that prejudice to the non-moving party is lessened when the new issue presented by an amendment is strictly an issue of law, to be determined upon application to the existing facts). Therefore, PNC submits that its motion to amend its Answer to assert a statute of limitations defense should be freely granted.

PNC BANK, N.A.

By its Attorneys,

Mark W. Freel (#4003)
Raymond M. Ripple (#6489)
EDWARDS ANGELL PALMER
& DODGE LLP
2800 Financial Plaza
Providence, RI 02903
(401) 274-9200
(401) 276-6611 (Fax)

**CERTIFICATE OF SERVICE**

I hereby certify that on the 10th day of February 2006, I caused a true copy of the within Motion to Amend to be delivered by regular mail, postage prepaid, to:

Jeffrey C. Schreck, Esq.
One Providence Washington Plaza, Fifth Floor
Providence, RI 02903