UNITED STATES DISTRICT COURT
DISTRICT OF RHODE ISLAND

| | | |
|---|---|---|
| INDEPENDENT FINANCIAL SERVICES, INC., | ) | |
| Plaintiff, | ) | |
| v. | ) | C.A. No. 05-275-ML |
| PNC BANK, N.A., f/k/a PNC BANK, F.S.B., | ) | |
| Defendant. | ) | |

**DEFENDANT PNC BANK'S FIRST AMENDED ANSWER TO PLAINTIFF'S COMPLAINT**

Defendant PNC Bank, N.A., f/k/a PNC Bank, F.S.B. ("PNC" or "Defendant") hereby responds as follows to the Complaint (the "Complaint") of Plaintiff Independent Financial Services, Inc. ("IFS").

**First Defense**

The Complaint fails to state a claim upon which relief can be granted.

**Second Defense**

PNC hereby responds as follows to the correspondingly numbered factual allegations of the Complaint:

**Parties**

1. PNC lacks knowledge or information sufficient to form a belief as to the truth of the factual allegations in Paragraph 1, and therefore denies the same.

2. PNC admits the allegations of Paragraph 2, except that PNC states that it is a national banking association.

3. Paragraph 3 contains legal allegations and conclusions that require no response; however, to the extent that a response is required, those allegations are denied.

**Background Facts**

4. PNC lacks knowledge or information sufficient to form a belief as to the truth of the factual allegations contained in Paragraph 4, and therefore denies the same.

5. PNC lacks knowledge or information sufficient to form a belief as to the truth of the factual allegations contained in Paragraph 5, and therefore denies the same.

6. PNC lacks knowledge or information sufficient to form a belief as to the truth of the factual allegations contained in Paragraph 6, and therefore denies the same.

7. PNC admits that it entered into a Financial Services Agreement ("Agreement") with IFS and an IFS subsidiary, IFS Mortgage Services LLC, Inc., dated February 27, 1998. Paragraph 7 purports to recite terms of the Agreement, which is referenced in and incorporated in the Complaint. The terms of the Agreement speak for themselves, and are the best evidence thereof. Therefore, PNC makes no response to the allegations of Paragraph 7 concerning the content and terms of that document.

8. PNC lacks knowledge or information sufficient to form a belief as to the truth of the factual allegations contained in Paragraph 8, and therefore denies the same.

9. PNC denies the allegations of Paragraph 9.

10. PNC denies the allegations of Paragraph 10.

11. PNC denies the allegations of Paragraph 11.

12. PNC denies the allegations of Paragraph 12.

13. PNC denies the allegations of Paragraph 13.

14. Paragraph 14 purports to recite the terms of the Agreement between IFS and PNC, which is referenced in and incorporated in the Complaint. The terms of the Agreement speak for themselves, and are the best evidence thereof. Therefore, PNC makes no response to the allegations of Paragraph 14 concerning the content and terms of that document. However, with respect to the allegation that PNC misappropriated proprietary products and technology of IFS, PNC denies the allegation.

15. PNC denies the allegations of Paragraph 15.

16. PNC denies the allegations of Paragraph 16.

17. PNC admits that it sent IFS a notice on March 2, 2001, indicating that it was terminating the Agreement consistent with its terms; however, PNC specifically denies the allegation in Paragraph 17 that it acted in bad faith by failing to offer loans to agency borrowers who satisfied PNC loan criteria.

**Count I**
**(Breach of Contract)**

18. PNC hereby restates its responses to Paragraphs 1-17 as if fully set forth herein.

19. PNC denies the allegations of Paragraph 19.

**Count II**
**(Breach of Covenant of Good Faith and Fair Dealing)**

20. PNC hereby restates its responses to Paragraphs 1-19 as if fully set forth herein.

21. PNC denies the allegations of Paragraph 21.

**Count III**
**(Breach of Fiduciary Duty)**

22. PNC hereby restates its responses to Paragraphs 1-21 as if fully set forth herein.

23. PNC denies the allegations of Paragraph 23.

**Count IV**
**(Misappropriation and Breach of Confidentiality Obligations)**

24. PNC hereby restates its responses to Paragraphs 1-23 as if fully set forth herein.

25. PNC denies the allegations of Paragraph 25.

**First Affirmative Defense**

The claims in the Complaint are barred, in whole or in part, by the doctrine(s) of laches, waiver and/or estoppel.

**Second Affirmative Defense**

The claims in the Complaint are barred, in whole or in part, by the equitable doctrine of unclean hands.

**Third Affirmative Defense**

The claims in the Complaint must fail, in whole or in part, because IFS engaged in a material breach of its own obligations under the terms of the Agreement between IFS and PNC.

**Fourth Affirmative Defense**

The claims in the Complaint must fail, in whole or in part, because IFS breached an implied covenant of good faith and fair dealing present in the Agreement between IFS and PNC.

**Fifth Affirmative Defense**

Plaintiff has failed to join one or more indispensable and/or necessary parties needed for a just adjudication of this case.

**Sixth Affirmative Defense**

The claims in the Complaint are barred, in whole or in part, by the applicable statute of limitations.

WHEREFORE, Defendant PNC requests an Order of this Court denying and dismissing all claims and prayers for relief in the Complaint of Plaintiff IFS, and awarding Judgment against IFS, and in favor of PNC, in the amount of PNC's reasonable attorneys' fees and costs of suit.

PNC BANK, N.A.

By its Attorneys,

_______________________________

Mark W. Freel (#4003)
Raymond M. Ripple (#6489)
EDWARDS ANGELL PALMER & DODGE LLP
2800 Financial Plaza
Providence, RI 02903
(401) 274-9200
(401) 276-6611 (Fax)

**CERTIFICATE OF SERVICE**

I hereby certify that on the _____ day of February 2006, I caused a true copy of the within First Amended Answer to be delivered by regular mail, postage prepaid, to:

Jeffrey C. Schreck, Esq.
One Providence Washington Plaza, Fifth Floor
Providence, RI 02903

_______________________________