UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

| | | |
|---|---|---|
| INDEPENDENT FINANCIAL SERVICES, INC., Plaintiff, | : | |
| v. | : | C.A. No. 05-275-ML |
| PNC BANK, N.A., f/k/a PNC BANK, F.S.B., Defendant. | : | |

**DEFENDANT PNC BANK, N.A.'S MOTION FOR SUMMARY JUDGMENT**

Defendant PNC Bank, N.A. ("PNC") hereby moves for summary judgment, pursuant to Rule 56 of the Federal Rules of Civil Procedure, on all counts in Plaintiff Independent Financial Services, Inc.'s Complaint. In support hereof, PNC submits the accompanying Memorandum of Law, and the accompanying Statement of Undisputed Facts.

PNC BANK, N.A.

By its Attorneys,

Mark W. Freel (#4003)
Raymond M. Ripple (#6489)
EDWARDS ANGELL PALMER
& DODGE LLP
2800 Financial Plaza
Providence, RI 02903
(401) 274-9200
(401) 276-6611 (Fax)

**CERTIFICATE OF SERVICE**

I hereby certify that on May 16th, 2006, I caused a true copy of the within Motion for Summary Judgment to be delivered by hand to:

Jeffrey C. Schreck, Esq.
One Providence Washington Plaza, Fifth Floor
Providence, RI 02903

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

| | | |
|---|---|---|
| INDEPENDENT FINANCIAL SERVICES, INC., | : | |
| Plaintiff, | : | |
| v. | : | C.A. No. 05-275-ML |
| PNC BANK, N.A., f/k/a PNC BANK, F.S.B., | : | |
| Defendant. | : | |

**DEFENDANT PNC BANK, N.A.'S MEMORANDUM OF LAW IN SUPPORT OF ITS MOTION FOR SUMMARY JUDGMENT**

Defendant PNC Bank, N.A., f/k/a PNC Bank, F.S.B. ("PNC") submits this memorandum of law in support of its motion for summary judgment with respect to all counts in the Complaint against PNC filed by Plaintiff Independent Financial Services, Inc. ("IFS"). PNC's motion is based on the applicable statute of limitations.

On April 28, 2005, IFS brought suit against PNC,[1] alleging that PNC breached various express and implied obligations in a Financial Services Agreement ("Agreement") entered into between the parties on February 27, 1998. The Agreement contained a choice of law provision that specifies that any disputes between the parties arising out of the Agreement would be governed by Pennsylvania law. Because it is undisputed that IFS failed to file its Complaint within the applicable statute of limitations under Pennsylvania law, PNC is entitled to summary judgment with respect to the claims set forth in the Complaint.

[1] IFS originally filed suit in Providence County Superior Court, and, on June 21, 2005, PNC timely removed the action to this Court.

## FACTUAL BACKGROUND

On February 27, 1998, PNC and IFS entered into the Agreement, under which PNC would offer exclusive deals on consumer loan products and services to various independent insurance agencies having a business relationship with IFS. (See PNC's Statement of Undisputed Facts in Support of its Motion for Summary Judgment ("PNC's Statement") at ¶ 3 & Exh A). The term of the Agreement was ten (10) years, but a termination provision permitted PNC to terminate the Agreement if a certain number of loans or lines of credit were not established on PNC's books on any one day within the first three (3) years of the Agreement. In pertinent part, Section 10.2(g) of the Agreement provided that:

> In the event PNC has not established on PNC's books at least 400 loans or lines of credit on any one Business Day within the first thirty-six (36) months after the Effective Date of this Agreement, by PNC giving a written notice of termination to IFS within ninety (90) days after the end of such 36 month period . . . .

(Id. at ¶ 4 & Exh A).

The Agreement also contained an express choice of law provision:

> This Agreement shall be governed by, and construed in accordance with, the laws of the Commonwealth of Pennsylvania applicable to agreements made and entirely performed with such jurisdiction, without regard to the conflict of laws principles thereof, except to the extent federal law may be applicable.

(Id. at ¶ 5 & Exh A).

On March 2, 2001, PNC notified IFS in writing that it was terminating the Agreement effective April 30, 2001, because of IFS' failure to meet the requirements of Section 10.2(g) of the Agreement. (Id. at ¶ 6 & Exh B). On April 28, 2005, IFS brought suit against PNC, alleging the following causes of action: (1) breach of contract; (2) breach of the implied covenant of good faith and fair dealing; (3) breach of fiduciary duty; and (4) misappropriation and breach of confidentiality obligations.

## STANDARD OF REVIEW

When the material facts are undisputed, as in this case, the only question before the Court is whether the moving party should be granted judgment as a matter of law. See Quintero de Quintero v. Aponte-Roque, 974 F.2d 226, 228 (1st Cir. 1992) ("When, as in this case, the material facts are undisputed, the question on a motion for summary judgment becomes one of law."); Kachinis v. United States, 1993 WL 389388, at *2 (D.R.I. July 27, 1993) (same).

## ARGUMENT

### A. Pennsylvania's Statute of Limitations Applies to IFS' Claims.

Because this Court is sitting pursuant to Federal diversity jurisdiction, it must apply state substantive law to the claims alleged in IFS' Complaint. See Erie R.R. Co. v. Tompkins, 304 U.S. 64, 78 (1938). Moreover, as this Court recently noted, "[s]tate statutes of limitations have been uniformly held to be substantive in nature, rather than procedural." Waters v. Walt Disney World Co., 237 F. Supp. 2d 162, 166 (D.R.I. 2002) (citing Guaranty Trust Co. of N.Y. v. York, 326 U.S. 99, 110 (1945) ("[A] statute that would completely bar recovery in a suit if brought in a State court bears on a State-created right vitally and not merely formally or negligibly. As to consequences that so intimately affect recovery or non-recovery a federal court in a diversity case should follow State law.")). In order to determine the substantive law applicable to this case, this Court must apply the forum state's choice of law rules. Klaxon Co. v. Stentnor Electric Mfg. Co., 313 U.S. 487 (1941).

Rhode Island courts have consistently followed an interest-weighing approach, or choice-influencing considerations, to determine the law applicable to a plaintiff's claims, including the pertinent statute of limitations. See Montaup Elec. Co. v. Stone & Webster Eng. Corp., 561 F. Supp. 740, (D.R.I. 1983) (Selya, J.) (undertaking an interest-weighing analysis to the question of

which state's limitations period applies, after concluding that "[u]pon careful examination, it appears reasonably certain that Rhode Island courts view limitations questions in kindred manner as other substantive issues giving rise to conflicts of law problems"); Rusch Factors, Inc. v. Levin, 284 F. Supp. 85, 87 n.1 (D.R.I. 1968) ("Rhode Island statutes of limitations do not conflict with New York's statute of limitations. If there were such a conflict, this court would be compelled to decide, under Rhode Island choice of law principles, whether New York's or Rhode Island's statutes of limitations should be applied.") (internal citations omitted); Cribb v. Augustyn, 696 A.2d 285, 288 (R.I. 1997) (applying Rhode Island statute of limitations over New Hampshire statute of limitations after undertaking an interest-weighing analysis); Pardey v. Boulevard Billiard Club, 518 A.2d 1349, 1351 (R.I. 1986).[2]

In contract cases, the Rhode Island Supreme Court also has held that, in the absence of a choice of law provision, a court should apply the law of the state where the contract was completed. See Tim Hennigan Co. v. Anthony A. Nunes, Inc., 437 A.2d 1355 (R.I. 1981). However, Rhode Island courts similarly hold that the parties to a contract may stipulate to have their contract interpreted by the law of a specific state, if that state bears some real relationship to the contract, and if the law of the chosen state is not contrary to the public policy of the forum state. See McBurney v. The GM Card, 869 A.2d 586, 589 (R.I. 2005) ("The law of the state chosen by the parties will apply unless the chosen state has no substantial relationship to the

---

[2] But see Providence & Worcester R.R. Co. v. Sargent & Greenleaf, Inc., 802 F. Supp. 680, 689 (D.R.I. 1992). In Providence & Worcester R.R., the court applied the statute of limitations of the forum state without undertaking a choice of law analysis. PNC submits that this conclusion was incorrect and should not be followed in this case. The Providence & Worcester R.R. court relied primarily on case law that does not support its ruling (or a ruling in favor of a Rhode Island statute of limitations in this case). The court relied on two extra-jurisdictional cases, Brown v. Merrow Mach. Co., 411 F. Supp. 1162 (D. Conn. 1976) and Haeberle v. St. Paul Fire & Marine Ins. Co., 769 S.W.2d 64 (Ky. Ct. App. 1989), but these courts applied their forum state's statute of limitations *after* undertaking a choice of law analysis. Moreover, Providence & Worcester R.R. was decided before the Rhode Island Supreme Court's interest-weighing analysis in Cribb and without citation to Montaup or Rusch Factors. Indeed, if it was so clear-cut that a Rhode Island court always applies its own statute of limitations during choice of law situations, then the Rhode Island Supreme Court never would have had to undertake an interest-weighing analysis in Cribb and that decision would be meaningless.

parties or the transaction."); Terrace Group v. Vermont Castings, Inc., 753 A.2d 350, 353 (R.I. 2000) (same); Owens v. Hagenbeck-Wallace Shows Co., 192 A. 158 (1937).

In this case, the Agreement contains the parties' explicit and unambiguous decision to have any disputes relating to the Agreement governed by the law of Pennsylvania. (Id. at ¶ 5). The Commonwealth of Pennsylvania bears a real relationship to the Agreement, given that PNC has its principal place of business in Pittsburgh, Pennsylvania, and much of the contract negotiations took place in Pennsylvania. Both parties are sophisticated businesses that were represented by competent counsel during the negotiations of the Agreement. Furthermore, the application of Pennsylvania substantive law in this case would not be contrary to the public policy of the State of Rhode Island. Therefore, PNC submits that this Court must apply the substantive law of Pennsylvania, including its statute of limitations, to the claims asserted in IFS' Complaint.

**B. The Claims in IFS' Complaint are Time-Barred.**

**1. Count I (Breach of Contract) and Count II (Breach of the Implied Covenant of Good Faith And Fair Dealing).**

In Count I of its Complaint, IFS generally alleges that PNC breached the Agreement based on its failure to deliver to IFS the loan products and services that it promised. (Compl. at ¶ 10). IFS further alleges that the following actions (or inactions), *inter alia*, on the part of PNC constitute a breach of the Agreement:

- PNC failed to approve loans that satisfied applicable loan standards (Compl. at ¶ 11);
- PNC made unreasonable demands on agencies for additional financial information with respect to borrowers (Id. at ¶ 12);
- PNC exercised a great deal of control over IFS's activities during the period that the Agreement was in effect (Id. at 13);

- In violation of the terms of the Agreement, PNC failed to use its best efforts to offer subprime loans to IFS's member agencies (Id. at 15); and

- PNC failed to provide the technological support, products, and resources it promised to provide (Id. at ¶ 16).

(See generally Compl. at ¶ 19) (alleging that "PNC's [foregoing] actions constitute a breach of the Agreement"). Moreover, IFS alleges in Paragraph 17 of the Complaint that:

> On March 2, 2001, PNC sent a notice terminating the Agreement effective April 30, 2001, because of the alleged failure of IFS to have at least 400 loans or lines of credit on PNC's books on any business day within the first 36 months of the Agreement. IFS does not believe there was a shortfall in the number of loans but, to the extent there was, any shortfall occurred because PNC acted in bad faith by failing to offer loans to agency borrowers who satisfied PNC loan criteria.

(Compl. at ¶ 17).

The Pennsylvania statute of limitations applicable to claims for breach of contract is four (4) years. See 42 Pa.C.S. § 5525(8) ("The following actions and proceedings must be commenced within four years: . . . (8) An action upon contract, obligation or liability founded upon a writing . . . ."). An action for breach of contract "begins to run from the moment a party to the contract breaches." Romeo & Sons Inc. v. P.C. Yezbak & Son Inc., 653 A.2d 830 (Pa. 1995); see Gannon v. Nat'l R.R. Passenger Corp., C.A. No. 03-4501, 2004 WL 1274384, at *2 – *3 (E.D. Pa. June 10, 2004) ("In general, an action based on contract accrues at the time of breach."). Where the contract is of a continuing nature, Pennsylvania courts have held that the statute of limitations "runs from the time when the breach occurs or when the contract is in some way terminated." Id. (citing Thorpe v. Schoenbrun, 195 A.2d 870, 872 (Pa. Super. Ct. 1963)). A breach of contract under Pennsylvania law is a "non-performance of any contractual duty." Colonial Assurance Co. v. Mercantile and Gen. Reinsurance Co., 297 F. Supp. 2d 764, 770 (E.D. Pa. 2003) (citing Camenisch v. Allen, 44 A.2d 309, 310 (Pa. Super. 1945) (adopting Restatement definition)); see also Restatement (First) of Contracts § 312 (2005) ("A breach of contract is a

non-performance of any contractual duty of immediate performance. A breach may be total or partial, and may take place by failure to perform acts promised, by prevention or hindrance, or by repudiation.").

In this case, PNC submits that IFS' cause of action accrued, at the latest, on March 2, 2001, when PNC notified IFS that it was terminating the Agreement pursuant to Section 10.2(g). (See Statement at ¶ 6 & Exh B). As of that date, IFS clearly would have known whether PNC's reliance on Section 10.2(g) to terminate the Agreement was well-founded or, conversely, in violation of the terms of the Agreement. This is supported by the allegations in IFS' Complaint, which lists numerous alleged failings on the part of PNC for explanation as to why at least 400 loans or lines of credit were never established on PNC's books on any one business day during the first three years of the Agreement. (Compl. at ¶¶ 11 – 16). Essentially, these allegations contend that, to the extent that 400 loans or lines of credit per day were never established as required by the Agreement, that only occurred because PNC frustrated or hindered IFS' ability to meets its obligations. Any such alleged conduct had to occur prior to March 2, 2001. Accordingly, when IFS received notification of the termination of the Agreement, it was well aware whether PNC's decision to terminate the Agreement based on Section 10.2(g) was well-founded, or whether the inability of IFS to establish the requisite number of loans was due in part to any failings on the part of PNC. Therefore, because IFS failed to file its Complaint until April 28, 2005, more than four years after receiving notice of termination of the Agreement, its breach of contract claims are time-barred under 42 Pa.C.S. § 5525(8).

**2. Count III (Breach of Fiduciary Duty).**

IFS' claim for breach of fiduciary duty is similarly time-barred. Claims for breach of fiduciary duty are governed by a two-year statute of limitations under Pennsylvania law. See 42

Pa.C.S. § 5524(7). That statute provides that the following causes of action are subject to a two (2) year statute of limitations:

> [a]ny other action or proceeding to recover damages for injury to person or property which is founded on negligent, intentional, or otherwise tortious conduct or any other action or proceeding sounding in trespass, including deceit or fraud, except an action or proceeding subject to another limitation specified in this subchapter.

42 Pa.C.S. § 5524(7). Pennsylvania courts have construed 42 Pa.C.S. § 5524(7) to include claims for breach of fiduciary duty. See Patient Transfer Systems, Inc. v. Patient Handling Solutions, Inc., C.A. No. 97-1568, 2001 WL 936641, at * 15 (E.D. Pa. Aug. 16, 2001) (holding that, because breach of fiduciary duty is a tort under Pennsylvania law, it is subject to a two-year statute of limitations period); Monroe Court Homeowner's Assoc. v. Southwark Realty Co., C.A. No. 04-0777, 2005 WL 2001108, at *3 (Pa. Com. Pl. Aug. 11, 2005) (citing 42 Pa.C.S. § 5524(7)); Johnson v. Marrs, C.A. No. 02-4706, 2004 WL 3316412, at *5 (Pa. Com. Pl. Dec. 27, 2004) ("The statute of limitations for . . . breach of fiduciary duty . . . is two years from the date of the injury).

In this case, IFS' breach of fiduciary duty claim is time-barred because its claim accrued, at the latest, on March 2, 2001, when PNC notified IFS that it was terminating the Agreement. IFS did not file this action until April 30, 2005 – more than two years from the date on which any such cause of action accrued.

**D. Count IV (Misappropriation and Breach of Confidentiality Obligations).**

In Count IV of its Complaint, IFS alleges a claim entitled "Misappropriation and Breach of Confidentiality Obligations." In Paragraph 25 of the Complaint, IFS alleges that PNC "misappropriated proprietary products and technology, and wrongfully used confidential information that it received in connection with the *Independent Advantage* program." (Compl. at ¶ 25). As with the other claims, Count IV is barred by the applicable statute of limitations. In

Pennsylvania, a claim for misappropriation of trade secrets is subject to a two-year statute of limitations. See 42 Pa.C.S. § 5524; Patient Transfer Systems, 2001 WL 936641, at * 15 (citing Advanced Power Sys., Inc. v. Hi-Tech Sys., Inc., 801 F. Supp. 1450, 1455 (E.D. Pa. 1992)).

Here, IFS did not bring its claim for misappropriation until April 30, 2005, which is more than four years from the date that IFS provided notice of termination of the Agreement.[3] Although IFS never truly describes the conduct by PNC that allegedly constitutes misappropriation, there are no allegations of any conduct that occurred after the March 2, 2001 notice of termination of the Agreement. Consequently, Count IV of the Complaint is barred by the applicable statute of limitations.

## CONCLUSION

For the foregoing reasons, Defendant PNC Bank, N.A.'s Motion for Summary Judgment should be granted.

[3] To the extent that IFS attempts to argue that Count IV is not barred by the statute of limitations applicable to misappropriation claims because it is really a "breach of confidentiality" claim, that argument would fail. Claims for breach of confidentiality are also subject to a two-year statute of limitations under Pennsylvania law. See Wildman v. Homa, 1996 WL 932765, at *4 (Pa. D. & C. May 30, 1996).

PNC BANK, N.A.

By its Attorneys,

Mark W. Freel (#4003)
Raymond M. Ripple (#6489)
EDWARDS ANGELL PALMER
& DODGE LLP
2800 Financial Plaza
Providence, RI 02903
(401) 274-9200
(401) 276-6611 (Fax)

**CERTIFICATE OF SERVICE**

I hereby certify that on May 16th, 2006, I caused a true copy of the within Memorandum of Law to be delivered by hand to:

Jeffrey C. Schreck, Esq.
One Providence Washington Plaza, Fifth Floor
Providence, RI 02903