UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

| | | |
|---|---|---|
| INDEPENDENT FINANCIAL SERVICES, INC., Plaintiff, | ) | |
| v. | ) | C.A. No. 05-275-ML |
| PNC BANK, N.A., f/k/a PNC BANK, F.S.B., Defendant. | ) | |

**DEFENDANT PNC BANK, N.A.'S STATEMENT OF UNDISPUTED FACTS IN SUPPORT OF ITS MOTION FOR SUMMARY JUDGMENT**

Pursuant to Fed. R. Civ. P. 56 and Rule 56(a) of the Local Rules of this Court, Defendant PNC Bank, N.A. f/k/a PNC Bank, F.S.B. ("PNC") hereby submits the following statement of undisputed facts in support of its motion for summary judgment.

**Parties**

1. Plaintiff Independent Financial Services, Inc. ("IFS") is a Connecticut corporation with its principal place of business in Westerly, Rhode Island. IFS alleges that it is engaged in the business of providing independent insurance agencies with access to financial services that the agencies can sell directly to their customers. (Compl. at ¶¶ 1, 4).

2. Defendant PNC is a national banking association with its principal place of business in Pittsburgh, Pennsylvania. (Answer to IFS' Compl. at ¶ 2).

**Undisputed Material Facts**

3. PNC and IFS entered into a Financial Services Agreement on February 27, 1998, under which IFS and PNC agreed that PNC would offer exclusive deals on consumer loan products and services to various independent insurance agencies having a business relationship

with IFS. (Financial Services Agreement ("Agreement") at 1, 4 – 5) (attached hereto as Exhibit A).

4. The term of the Agreement was ten (10) years, but a termination provision permitted PNC to terminate the Agreement if a certain number of loans or lines of credit were not established within the first three (3) years of the Agreement. In pertinent part, Section 10.2(g) of the Agreement provided that:

> In the event PNC has not established on PNC's books at least 400 loans or lines of credit on any one Business Day within the first thirty-six (36) months after the Effective Date of this Agreement, by PNC giving a written notice of termination to IFS within ninety (90) days after the end of such 36 month period . . . .

(Exh A, Agreement at 21 – 22).

5. Section 11.10 of the Agreement is a choice of law provision, which provides:

> This Agreement shall be governed by, and construed in accordance with, the laws of the Commonwealth of Pennsylvania applicable to agreements made and entirely performed with such jurisdiction, without regard to the conflict of laws principles thereof, except to the extent federal law may be applicable.

(Exh A, Agreement at 25).

6. On March 2, 2001, PNC notified IFS in writing that it was terminating the Agreement effective April 30, 2001, because of IFS' failure to meet the requirements of Section 10.2(g) of the Agreement. (Notice of Termination Letter dated 3/02/2001, attached hereto as Exhibit B).

PNC BANK, N.A.

By its Attorneys,

Mark W. Freel (#4003)
Raymond M. Ripple (#6489)
EDWARDS ANGELL PALMER
& DODGE LLP
2800 Financial Plaza
Providence, RI 02903
(401) 274-9200
(401) 276-6611 (Fax)

**CERTIFICATE OF SERVICE**

I hereby certify that on May 16th, 2006, I caused a true copy of the within Statement of Undisputed Facts to be delivered by hand to:

Jeffrey C. Schreck, Esq.
One Providence Washington Plaza, Fifth Floor
Providence, RI 02903