**UNITED STATES DISTRICT COURT]**
**DISTRICT OF RHODE ISLAND**

| | |
|---|---|
| **INDEPENDENT FINANCIAL SERVICES, INC.,** **Plaintiffs,** v. **PNC BANK, N.A., f/k/a PNC BANK, F.S.B., Defendant.** | **C.A. NO. 05-275-ML** |

**PLAINTIFF INDEPENDENT FINANCIAL SERVICES, INC.'S STATEMENT OF DISPUTED AND UNDISPUTED FACTS**

In accordance with Fed. R. Civ. P. 56 and Rule 56(a)(4) of the Local Rules of this Court, plaintiff Independent Financial Services, Inc. ("IFS") identifies the following statements of disputed and undisputed facts in support of its objection to the Motion for Summary Judgment of defendant PNC Bank, N.A. f/k/a PNC Bank, F.S.B. ("PNC").

1. IFS President Richard Herriott met with representatives of PNC for many months before the Agreement was signed and PNC told Mr. Herriott that it would do everything possible to make their business relationship a success (Richard Herriott Affidavit, ¶2)[1]

2. PNC did not make the same commitment to the IFS-PNC relationship that IFS did, causing their business venture to be less successful than it otherwise would have been (Richard Herriott Affidavit, ¶3).

3. IFS had fulfilled its obligations under the Financial Services Agreement dated February 27, 1998 (the "Agreement"), including the provision in Section 10.2(g) of the Agreement (Richard Herriott Affidavit, ¶5).

---

[1] The Affidavit of Richard Herriott is attached as Exhibit A to this Statement.

4. To the extent that Section 10.2(g) of the Agreement is interpreted to support PNC's argument that IFS did not satisfy its terms, PNC was not entitled to terminate the Agreement with IFS because PNC failed to perform its obligations and thereby interfered with IFS's ability to meet the numerical targets set forth in the Agreement (Richard Herriott Affidavit, ¶5).

5. There were many actions that PNC took that were inconsistent with its obligations under the Agreement and were not reasonable in the context of the IFS-PNC business relationship, including unreasonable rejection of loans and handling of loan applications, PNC's unreasonable pressure on IFS' independent agents to use expensive printers, improper use of confidential information and misappropriation of IFS proprietary products and technology, failure to use best efforts to offer subprime loans, and failure to provide adequate technological support, products, and resources (Richard Herriott Affidavit, ¶4; Complaint ¶¶11-16).

6. Although PNC sent a letter dated March 2, 2001 that notified IFS that PNC would terminate the Agreement effective April 30, 2001, the sending of the letter did not change PNC's performance of its obligations under the Agreement (Richard Herriott Affidavit, ¶6).

7. PNC continued to perform its obligations until April 30, 2001 as it had performed them before it sent the notice letter dated March 2, 2001 (Richard Herriott Affidavit, ¶6).

8. On March 26, 2001, Richard Herriott sent a letter to PNC asking that it defer the termination date to July 27, 2001 (Richard Herriott Affidavit, ¶7).

9. On March 30, 2001, PNC rejected Mr. Herriott's request for an extension of the termination date and confirmed that the termination date would be April 30, 2001 (Richard Herriott Affidavit, ¶7).

10. If PNC had not terminated the Agreement on April 30, 2001, IFS would have continued to work with PNC under the terms of the Agreement until the ten year term ended (Richard Herriott Affidavit, ¶8).

11. Although IFS was not completely happy with PNC's performance of its obligations and level of commitment, IFS did not consider PNC to have "breached" the Agreement until the termination (Richard Herriott Affidavit, ¶8).

12. At no time did IFS consider terminating the Agreement for non-performance by PNC; the approach that IFS tgook was to push PNC to do more and do better, which PNC sometimes did (Richard Herriott Affidavit, ¶8).

Jeffrey C. Schreck (#2428)
One Providence Washington Plaza
Fifth Floor
Providence, RI 02903
TEL (401) 421-9600
FAX (401) 331-9267
Attorney for Plaintiff

## Certification

I hereby certify that I caused a copy of the within pleading to be mailed to

Mark W. Freel, Esq.
Raymond M. Ripple, Esq.
Edwards Angell Palmer & Dodge LLP
2800 Financial Plaza
Providence, R.I. 02903

on this 5th day of June, 2006.

Jeffrey Schreck