# EXHIBIT A

**UNITED STATES DISTRICT COURT]**
**DISTRICT OF RHODE ISLAND**

| | | |
|---|---|---|
| **INDEPENDENT FINANCIAL SERVICES, INC.,** **Plaintiffs,** | ) | |
| **v.** | ) | **C.A. NO. 05-275-ML** |
| **PNC BANK, N.A., f/k/a PNC BANK, F.S.B.,** **Defendant.** | ) | |

**AFFIDAVIT OF RICHARD HERRIOTT, PRESIDENT OF PLAINTIFF INDEPENDENT FINANCIAL SERVICES, INC., IN SUPPORT OF PLAINTIFF'S OBJECTION TO DEFENDANT PNC BANK, N.A.'S MOTION FOR SUMMARY JUDGMENT**

I, Richard L. Herriott, hereby depose and state under oath as follows:

1. I am the President of plaintiff Independent Financial Services, Inc. ("IFS"), a company based in Westerly, Rhode Island. I have been President of IFS at all times relevant to the matters at issue in this litigation and have personal knowledge of all facts set forth below unless stated otherwise.

2. On February 27, 1998, IFS signed the Financial Services Agreement ("Agreement") that sets forth the terms and conditions of the business relationship between IFS and defendant PNC Bank, N.A. f/k/a PNC Bank F.S.B. ("PNC"). I met with representatives of PNC for many months before the Agreement was signed, and PNC satisfied me that it would do everything possible to make our business relationship a success.

3. IFS is a family business. Through IFS, my family invested substantial money and effort trying to make the business relationship with PNC work. The

relationship was not as successful as it could have been because PNC did not make the same commitment that IFS did.

4. IFS alleges in the Complaint that there are many actions that PNC took that were inconsistent with PNC's obligations under the Agreement and were not reasonable in the context of the IFS-PNC business relationship (Complaint ¶¶11-16). Specifically, IFS mentioned PNC's unreasonable rejection of loans and handling of loan applications, PNC's unreasonable pressure on IFS' independent agents to use expensive printers, improper use of confidential information and misappropriation of IFS proprietary products and technology, failure to use best efforts to offer subprime loans, and PNC's failure to provide adequate technological support, products and resources.

5. IFS did not assert in the Complaint that these failings by PNC constituted separate and independent actionable breaches of the Agreement. IFS asserts that PNC's termination of the Agreement on April 30, 2001 was a breach of contract and a breach of the covenant of good faith and fair dealing because (a) IFS had fulfilled its obligations under the Agreement, and (b) to the extent that IFS did not fulfill any of its obligations, PNC was not entitled to terminate the Agreement because of PNC's failures to perform its obligations as described above.

6. Although PNC sent a letter dated March 2, 2001 that notified IFS that PNC would terminate the Agreement effective April 30, 2001, the sending of the letter did not change PNC's performance of its obligations under the Agreement. In other words, PNC continued to perform its obligations as it had performed them before the sending of the letter. PNC did not cease performing its obligations under the Agreement until April 30, 2001.

7. On March 26, 2001, I sent a letter to PNC asking that it defer the termination date to July 27, 2001. Obviously I would not have sent that letter if PNC had stopped performing its obligations under the Agreement and the IFS-PNC relationship had ended. On March 30, 2001, PNC rejected my extension request and confirmed that the termination date would be April 30, 2001.

8. If PNC had not terminated the Agreement on April 30, 2001, IFS would have continued to work with PNC under the terms of the Agreement until the ten year term ended. Although IFS was not completely happy with PNC's performance of its obligations and level of commitment, IFS did not consider PNC to have "breached" the Agreement. At no time did IFS consider terminating the Agreement for non-performance by PNC; the approach that IFS took was to push PNC to do more and do better, which PNC sometimes did.

[signature]
Richard Herriott

STATE OF RHODE ISLAND
COUNTY OF

Subscribed and sworn to before me this 31st day of May, 2006.

[signature], Notary Public
Notary Public

My Commission Expires May 19, 2009