UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

| | | |
|---|---|---|
| INDEPENDENT FINANCIAL SERVICES, INC., Plaintiff, | ) | |
| v. | ) | C.A. No. 05-275-ML **(Emergency Motion)** |
| PNC BANK, N.A., f/k/a PNC BANK, F.S.B., Defendant. | ) | |

**EMERGENCY MOTION TO EXTEND DEADLINE FOR MOTIONS IN LIMINE REGARDING IFS' CLAIM FOR DAMAGES AND/OR IFS' DAMAGES EXPERT**

Defendant PNC Bank, N.A. f/k/a PNC Bank, F.S.B. ("PNC") hereby moves to extend the deadline for the filing of motions in limine concerning the claim for damages made by Plaintiff Independent Financial Services, Inc. ("IFS") and/or IFS' proffered expert witness on such damages. In support of its Emergency Motion, PNC submits the accompanying memorandum of law.

PNC BANK, N.A.

By its Attorneys,

/s/ Mark W. Freel

Mark W. Freel (#4003)
Raymond M. Ripple (#6489)
Edwards Angell Palmer & Dodge LLP
2800 Financial Plaza
Providence, RI 02903
(401) 274-9200
(401) 276-6611 (Fax)
mfreel@eapdlaw.com
rripple@eapdlaw.com

**CERTIFICATE OF SERVICE**

I hereby certify that this document, filed through the ECF system, will be sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF) and paper copies will be sent to those indicated as non registered participants on April 4th, 2007.

/s/ Mark W. Freel
Mark W. Freel

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

| | | |
|---|---|---|
| INDEPENDENT FINANCIAL SERVICES, INC., Plaintiff, | ) | |
| v. | ) | C.A. No. 05-275-ML **(Emergency Motion)** |
| PNC BANK, N.A., f/k/a PNC BANK, F.S.B., Defendant. | ) | |

**MEMORANDUM OF LAW IN SUPPORT OF EMERGENCY MOTION TO EXTEND DEADLINE FOR MOTIONS IN LIMINE REGARDING IFS' CLAIM FOR DAMAGES AND/OR IFS' DAMAGES EXPERT**

Defendant PNC Bank, N.A. f/k/a PNC Bank, F.S.B. ("PNC") submits this Memorandum of Law in Support of its Emergency Motion to extend the deadline for the filing of certain motions in limine concerning the claim for damages made by Plaintiff Independent Financial Services, Inc. ("IFS") and/or concerning IFS' proffered expert witness on such damages. On April 3, 2007, the Court issued a trial notice scheduling jury empanelment for May 1, 2007. In conjunction with the scheduling of trial, the Court also issued a Pretrial Order setting the deadline for the filing of motions in limine on April 17, 2007.

In support of its motion, PNC submits that it is currently scheduled to depose IFS' proffered expert witness on damages on April 24, 2007. On March 12, 2007, four weeks after the discovery closure deadline in this case, IFS designated Mark Filler, CPA, as its expert with regard to IFS' claim for compensatory damages in the form of lost profits. In his expert report, Mr. Filler opines that IFS' damages are in the range of approximately $8.5 million. Several

documents upon which Mr. Filler relied to reach this determination were not produced to PNC until March 30, 2007. IFS has agreed to produce Mr. Filler for a deposition, but has said that it cannot do so until April 24, 2007.

PNC anticipates filing a motion in limine to exclude and contest the admissibility of Mr. Filler's proffered opinions on numerous procedural and substantive grounds, including (1) timeliness, (2) failure to satisfy the required Daubert standards and to rely upon adequate or reliable data, and (3) inconsistency with applicable law governing lost profits or other relevant damage theories. Moreover, PNC further anticipates filing a motion in limine to exclude IFS' claim for lost profits damages, on the grounds that under applicable Pennsylvania law, they are inherently speculative and therefore fail as a matter of law. See, e.g., Brisbin v. Superior Valve Co., 398 F.3d 279, 289-90 (3d Cir. 2005) (holding that in order to recover under a lost profits theory under Pennsylvania law the plaintiff must submit more than speculative and hypothetical evidence of its lost profits); Exton Drive-In, Inc. v. Home Indem. Co., 261 A.2d 319, 324 (Pa. 1969). PNC respectfully submits that it cannot file these motions by the Court's April 17 deadline if it is not able to depose Mr. Filler until April 24. PNC also submits that it should not be prejudiced by IFS' late identification of its expert, and by its inability to secure relevant deposition testimony until April 24.

With the exception of the foregoing issues relating to IFS' expert and damages claim, PNC is prepared to file all other motions in limine by the April 17 deadline, and will comply with all other deadlines set by this Court for the filing of pretrial memoranda, deposition designations, *voir dire* questions, and exhibit lists.

For the foregoing reasons, PNC respectfully requests that its motion to extend the deadline for the filing of motions in limine pertaining to IFS' expert and theory of lost profits damages be granted.

PNC BANK, N.A.

By its Attorneys,

/s/ Mark W. Freel

Mark W. Freel (#4003)
Raymond M. Ripple (#6489)
Edwards Angell Palmer & Dodge LLP
2800 Financial Plaza
Providence, RI 02903
(401) 274-9200
(401) 276-6611 (Fax)
mfreel@eapdlaw.com
rripple@eapdlaw.com

## CERTIFICATE OF SERVICE

I hereby certify that this document, filed through the ECF system, will be sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF) and paper copies will be sent to those indicated as non registered participants on April 4th, 2007.

/s/ Mark W. Freel
Mark W. Freel